MICHAT KUSIAK *et ux. vs.* ELVIRO UCCI *et ux.*

DECEMBER 14, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J.  This bill in equity is brought to enjoin respondents from obstructing a proposed street or way adjoining complainants' land.  After trial in the Superior Court a decree was entered granting the relief prayed for. Respondents appealed from this decree on the grounds that it was against the law and the evidence.

Complainants allege that they are entitled to the use of the way by grant and by prescription.  The common ancestors in title of both parties were R. S. Hathaway and wife who owned a small farm located in the town of Coventry. The farm had a frontage of 110 feet on the westerly side of the Boston Hill Road.  In 1892 the Hathaways conveyed a portion of the farm, having 85 feet frontage on said road, with the farmhouse thereon, to one Briggs. This Briggs land was conveyed several times and finally, in 1921, was conveyed to complainants.  Soon after the Hathaways sold the land to Briggs they built a house in the rear of the Briggs land and used their adjoining land on the south as a way to get to the Boston Hill Road. This was their only means of getting to the public highway.  In 1916 the Hathaways sold their farm to one Turcotte and the respondents acquired title to it in 1923, including the land having a frontage of 25 feet on the public highway.

Complainants erected a garage on the southwest corner of their lot in 1930.  They claimed the right to pass over the adjoining land to drive from their garage to the Boston Hill Road because their lot was bounded on the south by a proposed street or passway.  Respondents objected to such

use of their land and erected a fence in front of the garage on the southerly line of complainants' land.

The deed from the Hathaways to Briggs was not introduced in evidence. Complainants' deed is in evidence. The description of the land in the Briggs deed is said to be the same as in the complainants' deed. The trial justice ruled that the deed from the Hathaways to Briggs gave him an easement over the proposed street and that complainants, as his successors in title, had the right to use said proposed street as a way appurtenant to their land. We find nothing in the deed to support this ruling. A deed must be construed according to its plain meaning. The land is particularly bounded and described in the deed. Three corners of the lot are fixed by drill holes in stones set in the ground and the other corner is fixed by a measurement of 85 feet from the first stone bound to the northerly line of a proposed street or passway. This description is so exact and definite as to preclude any inference that the grantors intended to convey any right or interest in their land outside the definite bounds. The northerly line of the proposed street or passway is fixed as the bound of the lot.

The deed contains no express grant of a right of way over the adjoining land of the Hathaways. Complainants claim a right of way by implication. The doctrine of the creation of easements by implication rests upon an exception to the rule that written instruments shall speak for themselves. 9 R. C. L. 754. This doctrine was originally restricted to ways of necessity which were implied upon a conveyance of land having no means of ingress or egress to a highway. In *Evans* v. *Dana*, 7 R. I. 306 at 310, it was said: "An easement cannot arise by way of implication from an express grant, unless there be some circumstances connected with the grant, or the estate granted, which show that the easement claimed is necessary to the enjoyment of the estate granted, or to its proper enjoyment." Whether the grant of an easement arises by implication on a conveyance of real estate depends on the intent of the parties which must

clearly appear in order to sustain an easement by implication. 19 C. J. 913. In construing a written instrument the court will consider all the facts and surrounding circumstances existing at the time of its execution and effect will be given to the intention of the parties whenever that intent can be ascertained in so far as the rules of law will permit. *Sullivan Granite Co.* v. *Vuono,* 48 R. I. 292.

The evidence shows that the proposed street was the only means of access from the Hathaway house to the public highway. It was not an existing way in use as an apparent and continuous easement when the land was conveyed to Briggs. The Briggs land was bounded on the east by the public highway and there was no necessity for him to travel over the adjoining land of the Hathaways. If a party means to grant a way which is not essential to the enjoyment of the premises demised, he must use proper and apt words for that purpose. *Providence Tool Co.* v. *Corliss Engine Co.,* 9 R. I. 567, 572; *Pyper* v. *Whitman,* 32 R. I. 510.

Complainants allege that said proposed street has been open for more than forty years and used continuously by them and their ancestors in title and claim a way by prescription or adverse user. The trial justice made no finding upon this issue. We have examined the evidence and find it insufficient to establish the claim.

We have held that the evidence to establish an easement by prescription must be clear and satisfactory;—*Tefft* v. *Reynolds,* 43 R. I. 538—that the burden of proving a way is upon the person setting it up and that mere permissive use of a way, no matter how long a time it may have been enjoyed, will never ripen into an easement by prescription. *Earle* v. *Briggs,* 49 R. I. 6. The testimony proves that the Hathaways built and maintained a fence on the southerly line of complainants' land for many years; that Mrs. Hathaway told a man who lived in the house on complainants' land from 1908 to 1922 that she could close the driveway any time and that during his tenancy a wooden

40

sign which read: "This driveway is private property" was posted thereon. It appears that the Hathaways kept the driveway in repair. There is no testimony tending to prove that any use of the way by complainants or their ancestors in title was more than permissive or that such use was adverse and made under a claim of right.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court with direction to enter a final decree dismissing the bill.

*Grim & Littlefield, Matthew W. Goring,* for complainants.
*Quinn, Kernan & Quinn, Michael DeCiantis,* for respondents.