JAMES C. DAVIS *vs.* HENRY N. GIRARD *et al.*

MAY 25, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an amended bill in equity under general laws 1938, chapter 528, §26, as amended by public laws 1940, chap. 938, and P. L. 1941, chap. 1005. The complainant, who is out of possession, seeks to establish his title in and right of possession to certain realty in the town of

North Kingstown; to remove as clouds on that title certain deeds to the respondent Henry N. Girard and certain mortgages standing in the name of the other respondent John W. Sweeney; for an accounting by the respondent Girard of the rents and profits accruing from his continued use and occupation of such realty; and for other incidental relief. The respondents demurred to the bill. The cause is before us on complainant's appeal from a decree of the superior court sustaining the demurrer and denying and dismissing the bill.

While the cause was pending in this court the respondents moved to dismiss complainant's appeal on the ground that the reasons of appeal were not in conformity with law. In support of such motion respondents, relying on *Vaill* v. *McPhail*, 34 R. I. 361, contend in substance that the complainant's statement of the reasons of appeal are argumentative and fail to specify in what particular the decree appealed from is against the law. When the present court system was instituted in 1905 by the Court and Practice Act there apparently arose some doubt among the members of this bar as to the nature of an appeal in equity, that is, whether such an appeal transferred the whole cause to this court to be tried here *de novo* on the record, or whether it brought up for review only errors assigned in the reasons of appeal.

In the *Vaill* case this court concluded that under the new judicial system established by the act only the reasons stated in the reasons of appeal would be considered here. It therefore enunciated the rule that in equity appeals the appellant should thereafter clearly indicate in his reasons of appeal the particular errors of the superior court of which he complained and which he sought to have reviewed. It further said that the reasons of appeal should be stated separately and specifically, and should consist of a statement of the erroneous rulings to which the appellant objected and not of the reasons upon which he based his claim of error. However, in the course of that opinion the

court clearly indicated that the rule should be applied with liberality and an otherwise good statement of reasons of appeal was not necessarily rendered bad because of the inclusion therein of redundant and irrelevant matter.

Generally speaking it cannot be denied that the reasons of appeal in the instant cause are discursive and contain references to irrelevant matters, but that alone will not deprive the complainant of his appeal to this court, provided his reasons of appeal contain statements pointing out with reasonable certainty the alleged error or errors about which he complains.

When the reasons of appeal under examination are fairly read as a whole it is clear to us that the complainant claims that the trial justice in reaching his decision on respondents' demurrer went beyond the allegations of the bill and considered as facts certain matters which were not open for consideration on demurrer; and, further, that he in substance required that proof of all allegations made in said bill be made within the bill itself and not left to the evidence to be adduced at a hearing upon the merits where such proof rightfully belongs. The *Vaill* case is therefore of no assistance to the respondents, and their motion to dismiss the appeal is denied.

It would serve no useful purpose to set out in detail the complicated situation presented by the numerous allegations in the bill of complaint. After due consideration of all those allegations we deem it sufficient to outline the basis of complainant's claim of title to the premises described in the bill and further identified by a plat that is incorporated therein by reference.

The bill alleges that the premises in question now bound southerly on the northerly line of the *present* Ten Rod Road as narrowed. Originally that ancient highway was very wide and, prior to its change in width, those premises likewise bounded southerly on its then northerly line. It is further alleged that in 1927 the town of North Kingstown abandoned a portion of the northerly part of that highway

for a certain distance and width along the southerly line of the premises involved, and that in 1944 such abandonment was confirmed by an act of the general assembly, so that the premises now bound southerly on the *new* northerly line of the Ten Rod Road. The bill first describes the entire premises, including the abandoned land, as a unit and then, "for the purpose of easier interpretation and clarification of this Bill of Complaint there being *two* Ten Rod Roads referred to herein," divides and describes the premises as two contiguous parcels, numbered 1 and 2 respectively, the first describing the premises as they existed before abandonment, and the second describing only the abandoned portion of the original road.

In 1902 the respondent Girard by deed conveyed parcel 1 in fee simple to his wife Alice L. Girard, the habendum clause of which deed was as follows: "To Have and to Hold the same, with all the rights, privileges and appurtenances thereunto appertaining * * *." On July 5, 1921 Mrs. Girard executed a mortgage of those premises to the Industrial Trust Company in the sum of $5000, the said respondent releasing his right of curtesy. She died in 1933 and on July 16, 1935 the complainant received a deed, as purchaser at a foreclosure sale under that mortgage, conveying to him the premises therein described "with all the privileges and appurtenances thereunto belonging."

Following Mrs. Girard's death the complainant filed a claim against her estate, which claim the administratrix *d.b.n.c.t.a.* petitioned the probate court to compromise. This petition was granted and a decree in accordance with the prayer thereof was duly entered. The decree of the probate court was ultimately affirmed by this court. See *Girard* v. *Sawyer*, 66 R. I. 403. In compliance with that decree the administratrix on May 1, 1941 executed a quit-claim deed to the complainant of the land heretofore described as parcel 2 with all appurtenances, and further assigned to him all claims of the estate against others in return for a general release by him to the estate.

According to the allegations of the bill the cloud on complainant's title consists of two certain deeds to Girard conveying to him at different times "a portion of Parcel No. 1 measuring 40 feet by 50 feet"; and also of two mortgages by Girard, one to the respondent Dunn conveying the piece of land described in the two deeds just mentioned, and the other conveying parcel 2 to the respondent Sweeney. Dunn later transferred his mortgage to Sweeney.

Respondents demurred to the bill on five grounds, but the demurrer was sustained only on the following three grounds: that the complainant was not entitled to relief in equity; that it does not appear how complainant's predecessor in title acquired any interest in and to any part of parcel 2; that it appears in the bill that parcel 2 was part of the old Ten Rod Road before its abandonment and it does not appear how or when Mrs. Girard acquired any estate or interest in said parcel.

The underlying reason for the trial justice's conclusions is found in the following statement in his decision: "The complainant obtained parcel 1 by deed. He appears to assume that his fee went to the middle of the old road, subject to an easement of travel. The Court thinks that is not so necessarily."

The bill in the instant cause may be prolix, but fundamentally it plainly rests complainant's claim on three main facts. First, that he acquired parcel 1 as owner in fee simple by mortgagee's deed from the Industrial Trust Company dated July 16, 1935, which premises bounded southerly on the northerly line of the old Ten Rod Road when they were mortgaged by Mrs. Girard to the bank on July 5, 1921. Secondly, that the complainant became the owner in fee simple of parcel 2, which adjoins parcel 1 and originally was a part of the old Ten Rod Road, as a result of the abandonment in 1927 by the town of North Kingstown of a portion of that road as a highway; that such abandonment was confirmed by an act of the legislature in 1944; and that the title to the abandoned portion

of that road, being within the northerly half of the old Ten Rod Road, reverted under the pertinent statute to the owner of the abutting land. Thirdly, that Mrs. Girard owned the land abutting on the old Ten Rod Road *at the time* of the abandonment by the town of North Kingstown of a portion thereof in 1927, and that he, the complainant, received a deed to parcel 2, which represented the abandoned land, in 1941 from the estate of Mrs. Girard.

The office of a demurrer is to test the legal sufficiency of all facts properly alleged in the bill. For the purpose of deciding the demurrer, the facts so alleged must all be taken to be true. Furthermore, the court is not at liberty to import other facts that are not alleged or to infer further facts contrary to those alleged in the bill. The allegations of a bill are sufficient if under them, as stated, proof of facts can be made which would entitle the complainant to relief. *Wolfe* v. *City of Providence*, 73 R. I. 417, and cases cited.

In our opinion the allegations of fact in the present bill are sufficient to support, as against the respondents' demurrer, complainant's claim of title so as to entitle him to proceed under chap. 528, as amended. We think that the trial justice rested his decision on inferences of fact that clearly were not warranted by the allegations in the bill, and that he also deprived complainant of a presumption of law to which he was entitled under such allegations.

It is the well-settled policy of this state, which is in accord with the general rule, that the owner of premises bounded on a public highway is presumed, in the absence of evidence to the contrary, to own the fee to the middle line of the highway. *Adams* v. *White & Son, Inc.*, 41 R. I. 157, 161; *Anthony* v. *City of Providence*, 18 R. I. 699, 701. 39 C.J.S. Highways §136. By the legal establishment of a highway, the public acquires only an easement in such highway, the fee in the soil remaining in the owners of adjoining lands unless the contrary appears. *Rounds* v. *Mumford*, 2 R. I. 154, 160. It is provided by statute that upon the abandon-

ment, in whole or in part, of a public highway by a municipality, the title of the land upon which such highway or part thereof existed shall revert to its owner. G. L. 1923, chap. 95, sec. 30, now G. L. 1938, chap. 72, §30. See *State v. Town of Cumberland*, 7 R. I. 75, under a prior form of statute.

Nothing appearing in the bill to the contrary, the complainant under the law was presumed to own the fee to the middle line of the old Ten Rod Road. This presumption might well be overcome by evidence, but the complainant could not be deprived of the benefit thereof in a hearing on the demurrer which admits the allegations in this bill. The question which the trial justice posed in his decision, namely, whether the original "proprietors" of the old Ten Rod Road purchased a fee in that land or whether they obtained simply an easement of travel, raised an issue that is outside and in contradiction of the allegations of the bill as admitted by demurrer. To raise such issue required an averment that would be the function of other pleadings and evidence, but should not be imported as a fact by demurrer.

In addition to the grounds upon which the trial justice rested his decision on the demurrer, respondents further contend that the bill is not within the purview of G. L. 1938, chap. 528, §26, as amended, upon which statute the complainant relies. In so far as material that statute, as amended by P. L. 1941, chap. 1005, section 1, provides that any person claiming title to real estate through "a deed" purporting to vest in such person or his "predecessors in title" the whole title to such real estate or any fractional part thereof or any interest or estate therein may bring a bill in equity against all persons claiming any adverse interest therein to affirm and quiet his title thereto; and such bill may be brought "whether the complainant may be in or out of possession * * *." The respondents in effect argue that the complainant should be denied the benefit of this statute because there is no

allegation in the bill showing how the administratrix of Mrs. Girard's estate acquired title to parcel 2 and consequently her deed to him is insufficient to satisfy the provision of the statute which bases the right to relief upon a deed to him or his predecessor in title.

In making such a contention the respondents are following the shadow rather than the substance of the bill. They completely ignore more fundamental allegations in the bill and avoid any reference to the applicable principle of law that we have already discussed. Complainant's allegations claim title to the land in dispute under two deeds, one from the Industrial Trust Company and the other from the administratrix of Mrs. Girard's estate, plus the rights accruing to him thereunder by operation of law upon the abandonment of the portion of the northerly half of the old Ten Rod Road.

The respondents attempt to support the contention under consideration by an alleged holding of this court in the prior action of trespass and ejectment between Davis and Girard. Their brief on this point reads as follows: "Complainant does allege that his title in fee simple to Parcel 1 came to him by his Mortgagee's deed from Industrial Trust Company * * *. But the Supreme Court, in the trespass and ejectment case of Davis vs. Henry N. Girard, 59 R. I. 260 [471], held that complainant gained no title in fee simple by said Mortgagee's deed to any portion of the Ten Rod Road which is described in the bill in equity now before the Court as Parcel 2."

The respondents apparently have misconceived our decision in that case. We believe that the language we there used is unequivocal. That decision was clearly based upon the right of Davis as plaintiff in an action of trespass and ejectment to immediate possession of the described premises under his mortgagee's deed from the Industrial Trust Company. At that time Davis did not have a deed from the administratrix of Mrs. Girard's estate, nor had the abandonment by the town of North Kingstown of the

northerly portion of the old Ten Rod Road been confirmed by an act of the legislature. We expressed no opinion in that case as to who held the title to the strip of land, approximately 100 by 470 feet or an acre more or less, which comprised the southerly portion of the whole tract described in the plaintiff's writ. At page 479 of that opinion we used the following language: "We are not now required to pass upon the effect of the proceeding taken by the town council of North Kingstown in 1927, when certain portions of the Ten Rod Road were ordered abandoned, since that date was subsequent to 1921, when she (Mrs. Girard) executed the mortgage under which the plaintiff derives his title." To avoid misunderstanding we finally expressed ourselves as follows at page 482: "On the present record, the question of who now holds the title to the tract of land involved herein, amounting to approximately an acre, is not now before us, and is not decided." The land thus referred to is parcel 2 in the instant cause.

Furthermore, in that case we gave the parties an opportunity to appear before this court and show cause why judgment should not be entered in accordance with the opinion. The plaintiff thereupon appeared and attempted to show such cause, but in *Davis* v. *Girard*, 60 R. I. 38, we decided adversely to him. However, after stating that we realized future litigation might be brought in order to have determined important rights in and to the disputed property, among which might be rights that the plaintiff then claimed but which were not finally determined in our opinion, we ordered the case remitted to the superior court for the entry of judgment, "without prejudice," in accordance with that opinion. The respondents have apparently overlooked this decision.

Thereafter the complainant brought a bill in equity similar in certain respects to the one now under consideration, which was denied and dismissed on demurrer by the superior court. On complainant's appeal that ruling was affirmed by this court again "without prejudice" for reasons

appearing in that opinion. *Davis* v. *Girard,* 70 R. I. 291. The present amended bill, which is based squarely upon the hereinbefore-mentioned statute, alleging facts that were not within the scope of the former proceedings was then filed.

The complainant's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*John F. O'Connell, Francis A. Kelleher,* for complainant.

*John J. Dunn, James O. Watts,* for respondents.