Arthur DESCHANE et al.

v.

Albert GREENE et al.

82–578–Appeal.

Supreme Court of Rhode Island.

June 26, 1985.

---

**4.** Counsel's attention is also directed to Rule 1.9 of the Superior Court Rules of Practice approved on December 12, 1983.

Leo J. Dailey (Nolan & Dailey), Coventry, for plaintiff.

Donald J. Packer (Hogan & Hogan), East Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought by the plaintiffs on July 16, 1979, seeking to rescind a conveyance of real estate.[1] This case comes to us on appeal from a judgment of the Superior Court denying the rescission of the real estate conveyance.

The pertinent facts are not in dispute. On June 24, 1976, the parties entered into a purchase-and-sale agreement in which defendants contracted to convey certain real estate located in Charlestown, Rhode Island, to plaintiffs. The property in question consisted of three acres of a seven-acre parcel known as the Jonathan Healy Woodlot. The three acres are essentially the western half of the so-called Healy Woodlot. There is no direct access to the property by public road. The property is connected to a public road (Old Coach Road), however, by means of a dirt road (Adventist Road) that passes over the land of an abutting property owner.

The plaintiffs allege that they bargained for but did not receive a right-of-way providing access to a public road and that defendants represented that such a right-

of-way by means of Adventist Road was contained in the real estate conveyance. The defendants denied that plaintiffs did not have a right-of-way, stating that "plaintiffs were deeded the agreed upon right-of-way in fee simple."

The purchase-and-sale agreement specifies that defendants will deliver to plaintiffs a twenty-by-fifty-foot right-of-way through the southwest corner of the Healy Woodlot. Yet the deed contained no mention of a right-of-way. As a result, plaintiffs alleged they lacked direct access to a public way and were unable to secure financing to construct a residence on their property.

The trial judge, after hearing all of the evidence, held that "the right-of-way referred to on the 1975 survey and in the purchase and sale agreement was part of the land conveyed to the plaintiffs in the deed dated October 7, 1956." The plaintiffs therefore did not establish any right to relief. We affirm.

A close examination of the record supports the findings of the trial judge. The defendants testified that their original intention was to divide the woodlot into two parcels and retain a twenty-foot strip along the entire southern boundary of the western parcel. This strip would ensure that defendants had access to the public road by means of Adventist Road. Retention of this strip would necessitate that defendants deed the purchaser a twenty-by-fifty-foot right-of-way across the southwestern corner of the western parcel, otherwise the purchaser would have no access to the public road by means of Adventist Road.

Thus, the right-of-way set forth in the purchase-and-sale agreement is predicated upon the retention of this strip along the southern boundary of the purchaser's parcel by defendants. When the deed was drawn this southerly strip containing the 20 × 50 right-of-way was actually con-

---

1. The suit was commenced a little over a year after the Charlestown Town Council voted to place a sanitary landfill on a lot abutting plaintiffs' property.

veyed to plaintiffs outright, obviating the need for a right-of-way.

 It is well settled that a warranty deed, once accepted, becomes the final statement of the agreement between the parties and nullifies all provisions of the purchase-and-sale agreement. *Russo v. Cedrone,* 118 R.I. 549, 557, 375 A.2d 906, 910 (1977). Absent a demonstration of fraud or misrepresentation, the warranty deed is the final embodiment of the agreement and conveys full rights to the property. *Id.* at 557–58, 375 A.2d at 910. Because the warranty deed makes no mention of any right-of-way, plaintiff must demonstrate that there was fraud or misrepresentation to gain rescission of the conveyance.

The plaintiff must establish on appeal that the trial justice was clearly wrong or overlooked or misconceived material evidence. *Gammons v. Caswell,* —— R.I. ——, ——, 447 A.2d 361, 364 (1982). We begin by noting that at all relevant times plaintiffs were represented by counsel. It was plaintiff's counsel who drafted both the purchase-and-sale agreement and the warranty deed. It is a long-standing principle of law that an agreement of the sale of realty subject to varying interpretations will be construed against the party drafting it. *Barden v. Sarkin,* 73 R.I. 170, 176, 53 A.2d 913, 915 (1947).

Admittedly, the term "right-of-way" is subject to different constructions. The construction plaintiffs advance is that they expected to receive access to the public road by means of the right-of-way mentioned in the purchase-and-sale agreement. This understanding was purportedly reaffirmed at the closing. The evidence to support plaintiffs' agreement is amply contradicted in the record. When the trial judge, sitting without a jury, arrives at conclusions drawn from inferences that are supported by the evidence but at variance to the position of the plaintiff, this is not necessarily error. *Aiken v. Olympia Realty Corp.,* 81 R.I. 452, 456, 104 A.2d 244, 247 (1954).

The trial justice found no misrepresentation or fraud by the defendants. The warranty deed, signed by the parties, is the final embodiment of their agreement.

The plaintiffs' appeal is therefore denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.