**John HARONIAN et al.**

v.

**John QUATTROCCHI et al.**

**No. 93-709-Appeal.**

Supreme Court of Rhode Island.

Feb. 2, 1995.

James V. Paolino, Wallick & Paolino, Warwick, for plaintiff.

Gerard DeCelles, Levitt & DeCelles, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before a hearing panel of this court for oral argument on January 17, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. John and Emily Haronian (plaintiffs) appeal from a Superior Court order

denying their request for an injunction and denying and dismissing their complaint. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

On April 7, 1982, plaintiffs and defendant, John Quattrocchi, entered into an agreement granting to plaintiffs an option to purchase real property from defendant. The subject land, located in Smithfield, was part of a larger parcel owned by defendant. The option to purchase, which expired by its own terms on April 8, 1982, contained a provision limiting defendant's right to develop the land that he owned adjacent to the subject property. The language contained in the April 1982 option conveyed an existing right of way to plaintiffs and required defendant to refrain from certain commercial developments. The plaintiffs purchased the subject property on December 16, 1982; however, neither the conveyance of the right of way nor the warranty deed contained any covenants restricting development of defendant's remaining land.

In September of 1991, defendant expressed his intent to erect a miniature golf course and batting cages on the subject property and has obtained approval from the Smithfield zoning board. The plaintiffs filed a complaint seeking to enjoin defendant's proposed development of the land. The plaintiffs contend that defendant's proposed land development on the property violates the parties' agreement contained in the April 1982 option to purchase. The plaintiffs argued that the option to purchase should be construed as an independent contract, without applying the principles of property law.

A Superior Court hearing justice rejected plaintiffs' argument reasoning that since this was a land matter the principles of property law apply. Finding the absence of any restrictive language upon defendant in the deed, the hearing justice denied plaintiffs' prayers for injunctive relief and dismissed their complaint on the basis of the doctrine of merger by deed. In response plaintiffs filed this appeal.

 The doctrine of merger by deed provides that once a warranty deed is accepted it "becomes the final statement of the agreement between the parties and nullifies all provisions of the purchase-and-sale agreement." *Deschane v. Greene,* 495 A.2d 227, 229 (R.I.1985); *Russo v. Cedrone,* 118 R.I. 549, 557, 375 A.2d 906, 910 (1977). In the instant case the parties executed an option to purchase which expired on April 8, 1982. The deed subsequently conveyed to plaintiffs contained no provision limiting the defendant's right to develop on his property. It is the opinion of this court that the deed is controlling in this case and that the hearing justice properly denied the plaintiffs' request for injunctive relief.

For these reasons the plaintiffs' appeal is denied and dismissed and the order appealed from is affirmed. The papers of the case are remanded to the Superior Court.

SHEA, J., did not participate.